Spivey *v.* Mills-Morris Company of Columbus, et al.

No. 41982          October 23, 1961          133 So. 2d 620

*Carter & Van Every,* Columbus, for appellant.

*W. J. Threadgill, DeWitt T. Hicks, Jr.,* Columbus, for appellees.

KYLE, J.

The appellant, T. J. Spivey, plaintiff in the court below, recovered a judgment in the Circuit Court of Lowndes County against the appellees, Mills-Morris Company, a Corporation, and others, defendants in the court below, in the sum of $2,580, for personal injuries alleged to have been sustained by the appellant as a result of an automobile accident. The appellant filed a motion for a new trial on the measure of damages only. The motion was overruled, and the appellant has prosecuted an appeal to this

Court. The appellees have filed no cross assignment of errors.

The appellees' attorneys argue only one point as ground for reversal of the judgment of the lower court, and that is that the lower court erred in overruling the appellant's motion for a new trial on the measure of damages only on the ground that the verdict of the jury is so grossly inadequate as to evince bias, passion and prejudice on the part of the jury.

The record shows that the accident occurred on September 25, 1959, about 3:10 o'clock P.M., at the intersection of Sixth Street North and Main Street, in the City of Columbus. Main Street runs in an easterly and westerly direction and Sixth Street North runs in a northerly and southerly direction. The appellant, who was traveling in a westerly direction on Main Street, had stopped his automobile a short distance west of the intersection in obedience to the red signal light and was waiting for a green light when his automobile was struck from the rear by a pickup truck, which was being driven by Roy Dean Johnson, an employee of Mills-Morris Company, who appears to have been stung by a bee as he was bringing his vehicle to a stop. The automobile which the appellant was driving was a 1957 Model hardtop sports Chevrolet Coupe owned by the appellant's daughter.

The appellant testified that, while he was sitting in the car waiting for the light to change, the pickup truck being driven by the appellee Johnson suddenly struck his car from the rear and knocked it against another car in front of him which had stopped for the red light. The appellant stated that he was thrown forward and backward as a result of the impact. He went to see Dr. Frank P. Hays, who was already treating him for a heart condition, and later on, when his condition did not improve, he went to see Dr. Ralph S. Terhune, an orthopedist in Birmingham, Alabama, for examination and treatment. The appellant further testified that he could not sleep at night, and in order to get rest he had to take tran-

quilizers and sedatives to ease the pain in his neck, back and shoulders. He received massage treatments from a physical therapist. He stated that he suffered from headaches continuously for a day or two after the accident occurred, that he was very nervous at times and was still under the care of the doctors at the time of the trial.

Dr. Frank P. Hays testified that he first treated the appellant in the fall of 1958, when he was having chest pains, and diagnosed his case as myocardial infarction; that the appellant had another severe attack of myocardial infarction in June 1959, and he prescribed for him at that time anti-coagulant therapy to thin his blood and digitalis to strengthen his heart. Dr. Hays stated that the appellant came to his office on September 28, 1959, complaining of back stiffness and limitation of motion in his neck. The appellant told him that he had been injured in an automobile accident. After an examination of the appellant the doctor gave him drugs to relieve the muscular pain and advised him to use heat and to obtain therapy treatment. The doctor stated that he saw the appellant at intervals during the next several weeks, and his symptoms were essentially unchanged. On November 3, 1959, he made an x-ray examination of the neck, and he saw the appellant again on November 10, 1959. He later referred the appellant to Dr. Ralph S. Terhune an orthopedist of Birmingham, Alabama, who examined and treated the appellant during the spring of 1959. Dr Hays stated that he continued to see the appellant at intervals and gave him sedation, muscular relaxants and tranquilizers, and advised him to take physiotherapy at the Rehabilitation Center in Columbus. The doctor was asked what effect did the automobile accident have upon the appellant's heart condition? His answer was, that it increased his pains and symptoms in his chest, and caused the appellant "considerable worry." The doctor was asked what the future looked like for Mr. Spivey from a medical standpoint. His answer was that his activity was rather largely limited because of his heart disease

and in the doctor's opinion he would continue to have some pain and stiffness and limitation of motion as a result of the neck injury. His drug bills in the future would probably amount to $40 or $50 per month. The doctor stated that the appellant's injury was a ''whiplash injury'' to the neck, a very painful type of injury which usually occurs under circumstances such as those disclosed by the record in this case. He would have pain in greater or less degree as long as he lived. On cross-examination Dr. Hays stated that the x-rays made in connection with the appellant's injury showed ''osteoarthritis'', a thickening of the joints' surface, but this was not caused by an automobile accident. The doctor stated that there was no change in the bones in the appellant's neck or back; that there was no fracture, no dislocation, no disalignment; that the appellant was not hospitalized; and that the appellant's neck condition improved after he first saw him.

Dr. S. Ralph Terhune testified that he examined the appellant the first time on March 11, 1960; that the appellant was complaining of a partially stiff and painful neck and almost continuous headaches; but the doctor's examination of the appellant revealed no muscle spasm in his neck. The doctor stated that all of the appellant's neck motions were limited; that the appellant complained of tenderness to palpation over the C-5, C-6 area, and he complained of tenderness to palpation of the upper third of both trapezii muscles, the muscles extending from the base of the neck to the shoulder. He stated that it was his opinion that the appellant's stiffness and pain was due to fibrosis of the soft tissues of the neck. The doctor was asked if he could say that the injuries which the appellant complained of probably resulted from the automobile wreck. His answer was, ''I would say that it probably resulted from this accident.'' The doctor stated that the appellant came back to see him on April 9, 1959. He was still complaining of headaches and some soreness above the right shoulder blade. The doctor advised him

to go to the Rehabilitation Center in Columbus to try intermittent cervical traction two or three times a week. The appellant came back to see the doctor again on May 24 and stated that he had taken eleven physiotherapy treatments, but he did not feel like it helped him much. The doctor stated that he felt that the appellant had grown progressively worse since the first time he had seen him, and in his opinion, the appellant probably had 15 per cent overall permanent partial disability, as a result of the whiplash injury. On cross-examination the doctor stated that, when he examined the appellant, he saw the x-rays which the appellant had brought with him, and that he had additional x-rays made of the appellant's cervical spine. The doctor stated that he could find no dislocation of any bones, and he found no evidence of nerve injury.

Roy D. Johnson, the driver of the pickup truck, testified that immediately after the accident he asked Spivey if he was hurt; that Spivey told him that he had a heart condition; and when Johnson asked him if he wanted a doctor, Spivey said, "No." Police officer Bobby Wright who investigated the accident immediately after it happened testified that the appellant stated to him that his neck was jerked by the impact, and "he just said he was * * * shook up." The appellee, H. M. Davy, the manager of the local Mills-Morris store, testified that he talked to Spivey the day after the accident, at the Hardin Chevrolet Company's place of business, and he asked Spivey if he was hurt, and Spivey said, "No, sir." The record shows that the appellant was a retired postal employee 54 years of age at the time of his injury; and it was not shown that he had sustained any loss of wages as a result of the accident. The medical expenses incurred up to the time of the trial appear to have amounted to approximately $166.

The fixing of the amount of damages to be awarded in a personal injury case of this kind is pecularly within the province of the jury. We think it can-

not be said that the verdict of the jury was against the overwhelming weight of the evidence or so grossly inadequate as to evince bias, passion or prejudice on the part of the jury. The judgment of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J.*, and *Arrington, Ethridge* and *Gillespie, JJ.*, concur.